**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : CASE NO. |
| V. | : |
| | : **Filed Under Seal** |
| THOMASZ SZABO, a/k/a "Plank," "Jonah," and "Cypher", | : |
| NEMANJA RADOVANOVIC, a/k/a "XBD31," "Thuggin," and "XDR" | : |
| **Defendants.** | : |

**MOTION AND SUPPORTING MEMORANDUM TO SEAL
INDICTMENT, ARREST WARRANT, AND RELATED PAPERWORK**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby moves the Court pursuant to Fed. R. Crim. P. 6(e)(4) to place under seal until further order of the Court the Indictment and any supporting documents and docket entries in the above-captioned case, as well as the Government's Motion to Seal and this Court's Order sealing these documents (collectively, the "Indictment")  In support of its motion, the government states as follows:

1. An Indictment may be sealed pursuant to Rule 6(e)(4) for any legitimate prosecutorial reason, including, as recognized by the Rule itself, to take the defendant into custody and bring him or her before the court. *See United States v. Michael*, 180 F.2d 55, 57 (3d Cir. 1949); *see also United States v. Sharpe*, 995 F.2d 49 (5th Cir. 1993); *United States v. Southland Corp.*, 760 F.2d 1366, 1379-80 (2d Cir. 1985); *United States v. Lyles*, 593 F.2d 182 (2d Cir. 1979).

2. Earlier today, August 22, 2022, a grand jury returned an Indictment against defendants Thomasz Szabo and Nemanja Radovanovic charging them with the following offenses: 18 U.S.C. § 371 (Conspiracy), 18 U.S.C § 844(e) (Threats and False Information Regarding

Explosives), and 18 U.S.C. § 875(c) (Transmitting Threats in Interstate and Foreign Commerce) (collectively "the swatting attacks").

3. Upon information and belief, the defendants are currently located in separate foreign countries. The public disclosure of this Indictment at this time could jeopardize plans to secure the arrest of one or both defendants because such disclosure could result in alerting the defendants to their criminal liability in the United States and cause defendant to flee or destroy evidence. Further, public disclosure of this Indictment could alert defendant's coconspirators of their potential liability in the United States, and likewise cause them to flee or destroy evidence. Concern for the need to apprehend one or both defendants constitutes a legitimate prosecutorial reason, and thus an appropriate basis, for an Order sealing the Indictment and Arrest Warrant.

4. Although there is a presumption of access to court proceedings, this presumption can be overridden if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Washington Post v. Robinson*, 935 F.2d 282, 288, 290 (D.C. Cir. 1999) (internal citation and quotation omitted). The United States submits that these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Indictment, the Arrest Warrant, this Motion, and any Order to Seal, until such time as one or both defendants is arrested.

5. In addition, the government respectfully moves for the Indictment and Arrest Warrants to remain sealed -- with the exception that the Government be permitted to disclose the Indictment, the Arrest Warrant, and the Order to Seal to (1) appropriate U.S. and foreign law enforcement officials and other officials and personnel to the extent that such disclosure is in

furtherance of national security or efforts to locate, arrest, detain, transfer, extradite, or expel one or both defendants, and (2) the court, court officials, and defense counsel in this district or any other appropriate district or foreign jurisdiction as necessary to conduct any court proceedings in that district or foreign jurisdiction.

6. Because the victims of the charged offenses include numerous public officials, the government anticipates that the case will generate publicity upon unsealing. Prior to the victims learning about the charges in the media, the government plans to make reasonable efforts to notify the victims of the charges, consistent with the provisions of the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771. Accordingly, the government respectfully requests that the sealing order authorize limited notice to victims after the arrest of one or both defendants and prior to unsealing, with such notice not to include the identities of the defendants or the specific offenses charged in the Indictment

7. We further request that the Court's order direct that the Indictment, , the Arrest Warrants, and any supporting documents and docket entries, including the Redacted Complaint and Affidavit in Support in the related magistrate court matter 24-mj-225, be automatically unsealed upon the government's written notification to the Court.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the United States of America respectfully requests that the Court issue an Order sealing the Indictment and Arrest Warrant as well as sealing this Motion and the Court's sealing Order until further order of this Court. A proposed Order is submitted herewith.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

Date:   8/22/2024

By: */s/ Conor Mulroe*
Conor Mulroe
Assistant U.S. Attorney
NY Bar Number 5289640
United States Attorney's Office
601 D Street, NW, 5th Floor
Washington, D.C. 20530
(202) 740-4595
Conor.Mulroe@usdoj.gov