UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 24-cr-386 |
| | : | |
| THOMASZ SZABO, | : | |
| a/k/a "Plank," "Jonah," and "Cypher" | : | |
| | : | |
| Defendant. | : | |
| | : | |

## NOTICE OF INTENT TO REQUEST JUDICIAL REMOVAL

NOTICE IS HEREBY GIVEN TO Thomasz Szabo ("the defendant") and to his attorney

of record, Nicholas Madiou, that upon conviction of the defendant for violation of 18 U.S.C. § 371

and 18 U.S.C. § 844(e), the United States of America shall request that the Court issue a Judicial

Order of Removal against the defendant pursuant to Section 238[(d)](c) of the Immigration and

Nationality Act of 1952, as amended, 8 U.S.C. § 1228[(d)](c).

Dated: December 4, 2025.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:       /s/ Conor Mulroe
Conor Mulroe
Assistant U.S. Attorney
NY Bar Number 5289640
United States Attorney's Office
601 D Street, NW, 5th Floor
Washington, D.C. 20530
(202) 740-4595
Conor.Mulroe@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :
     :
v.      :    **Criminal No. 24-cr-386**
     :
**THOMASZ SZABO,**      :
a/k/a "Plank," "Jonah," and "Cypher"      :
     :
**Defendant.**      :
     :

## DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL

THOMASZ SZABO, defendant in the above-captioned criminal proceeding, hereby states as follows:

1.     My true and correct name is Thomasz Szabo.

2.     I received a Notice of Intent to Request Judicial Removal ("Notice"), dated December 4, 2025. I am the person identified in that document. I hereby waive my right, pursuant to Section 238[(d)](c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228[(d)](c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3.     I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated December 4, 2025. I hereby waive my right, pursuant to Section 238[(d)](c)(2)(B) of the INA, 8 U.S.C. § 1228[(d)](c)(2)(B), to have the allegations served 30 days prior to sentencing.

4.     My rights in a judicial removal proceeding have been fully explained to me by my attorney, Nicholas Madiou. After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238[(d)](c)(2) of the INA, 8 U.S.C. § 1228[(d)](c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the

rights I would possess in a contested administrative proceeding and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5.    I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6.    I hereby concede that I am removable from the United States pursuant to INA § 212(a)(7)(A)(i)(I) and INA § 212(a)(2)(A)(i)(I).

7.    I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8.    I agree to the entry of a stipulated judicial order of removal pursuant to Section 238[(d)](c)(5) of the INA, 8 U.S.C. § 1228[(d)](c)(5). I acknowledge that I have not been persecuted in, and have no present fear of persecution in Romania, the country of my nativity and

citizenship. I further acknowledge that I have not been tortured in, and have no present fear of torture in Romania, the country of my nativity and citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Romania, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

3.5.26
Date

3.5.26
Date

Defendant's Signature

Attorney for the Defendant

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | :     **Criminal No. 24-cr-386** |
| | : |
| **THOMASZ SZABO,** | : |
| a/k/a "Plank," "Jonah," and "Cypher" | : |
| | : |
| **Defendant.** | : |
| | : |

## FACTUAL ALLEGATION IN SUPPPORT OF JUDICIAL REMOVAL

NOTICE IS HEREBY GIVEN TO Thomasz Szabo ("the defendant") and to his attorney of record, Nicholas Madiou, that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Romania and a citizen of Romania.

3. On or about November 8, 2024, the defendant applied for admission to the United States at Dulles International Airport, Dulles, Virginia.

4. The defendant was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act.

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, District of Columbia, of violating 18 U.S.C. § 371 and 18 U.S.C. § 844(e).

6. The maximum sentence for a violation of 18 U.S.C. § 371 is five years of imprisonment. The maximum sentence for a violation of 18 U.S.C. § 844(e) is ten years of imprisonment.

7. The defendant is, and at sentencing will be, subject to removal from the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), 8 U.S.C § 1182(a)(7)(A)(i)(I), as an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by law, and Section 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

WHEREFORE, pursuant to Section 238[(d)](c) of the INA, 8 U.S.C. § 1228[(d)](c), the United States of America requests that the Court, at the time of sentencing, order that the defendant be removed from the United States to Romania, or a country as deemed appropriate by the Department of Homeland Security, United States Immigration and Customs Enforcement under the controlling legal authorities. The defendant agrees that a removal order will be issued against him to Romania, but he will voluntarily facilitate his departure from the United States to Romania with the supervision of the Department of Homeland Security, United States Immigration and Customs Enforcement.

Dated: December 4, 2025.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    /s/ Conor Mulroe
Conor Mulroe
Assistant U.S. Attorney
NY Bar Number 5289640
United States Attorney's Office
601 D Street, NW, 5th Floor
Washington, D.C. 20530
(202) 740-4595
Conor.Mulroe@usdoj.gov

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 24-cr-386** |
| | : | |
| **THOMASZ SZABO,** | : | |
| a/k/a "Plank," "Jonah," and "Cypher" | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER OF JUDICIAL REMOVAL**

Upon the application of the United States of America, by Conor Mulroe, Assistant United States Attorney, District of Columbia; upon the Factual Allegations in Support of Judicial Removal; upon the consent of Thomasz Szabo ("the defendant") and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1.      The defendant is not a citizen or national of the United States.

2.      The defendant is a native of Romania and a citizen of Romania.

3.      On or about November 8, 2024, the defendant applied for admission to the United States at Dulles International Airport, Dulles, Virginia.

4.      The defendant was an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act.

5.      At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, District of Columbia, of violating 18 U.S.C. § 371 and 18 U.S.C. § 844(e).

6.     The maximum sentence for a violation of 18 U.S.C. § 371 is five years of imprisonment. The maximum sentence for a violation of 18 U.S.C. § 844(e) is ten years of imprisonment.

7.     The defendant is, and at sentencing will be, subject to removal from the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), 8 U.S.C § 1182(a)(7)(A)(i)(I), as an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by law, and Section 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

8.     The defendant has waived his right to notice and a hearing under Section 238[(d)](c) of the INA, 8 U.S.C. § 1228[(d)](c).

9.     The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238[(d)](c) of the INA, 8 U.S.C. § 1228[(d)](c), that the defendant shall be removed from the United States promptly upon his release from confinement, and that the defendant be ordered removed to Romania, or a country deemed appropriate by the Department of Homeland Security, United States Immigration and Customs Enforcement under the controlling legal authorities. The defendant agrees that a removal order will be issued against him to Romania, but he will voluntarily facilitate his departure from the United States to Romania with the supervision of the Department of Homeland Security, United States Immigration and Customs Enforcement.

2

04/27/2026

DATE

_____
AMY BERMAN JACKSON
UNITED STATES DISTRICT COURT JUDGE

3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 24-cr-386 |
| | : | |
| THOMASZ SZABO, | : | |
| a/k/a "Plank," "Jonah," and "Cypher" | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CONCURRENCE OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated:          March 5, 2026

Eric J. Weindorf
Special Agent in Charge
Homeland Security Investigations, Washington, D.C.
Immigration and Customs Enforcement
U.S. Department of Homeland Security